Chester COLLIER, Jr., et al., Plaintiffs,

v.

Mary Lou BACHMAN, Administratrix of the Estate of Robert L. Bachman, Deceased, and Stiles Brown, jointly and severally, Defendants.

Civ. A. No. 4–71315.

United States District Court, E. D. Michigan, S. D.

Oct. 13, 1976.

---

**870**

Stephen M. Taylor, Taylor & Rubin, Detroit, Mich., for plaintiffs.

Charles A. Nelson, Rosenburg, Painter, Stanton, Bullen & Nelson, Jackson, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is an action charging false arrest, false imprisonment, and malicious prosecution under 42 U.S.C. § 1983 and the Constitution. The complaint states that Collier was arrested and taken into custody for browsing through literature of questionable social value at a neighborhood store. Charges were later dropped, but the arrest apparently received some publicity anyway. Defendants move for partial summary judgment on the ground that damages claimed by Collier for injury to his business and reputation and for "public humiliation, embarrassment, ridicule and abuse" are not compensable under *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). They argue that such injuries do not "amount to injury to or deprivation of a personal liberty or property interest" protected by the Constitution and that no claim can be stated under the civil rights act for damages resulting from such injuries.

*Davis* held that a bare claim of defamation, standing alone, is not sufficient to invoke the guarantees of procedural due process and does not establish "an invasion of any constitutionally protected right to privacy." If this were a case for defamation, then, under *Davis*, the injuries to reputation flowing from the defamation would not be compensable. But this is not such a case. Collier alleges false arrest, false imprisonment, and malicious prosecution, and this court has already held that the complaint states claims for which relief can be granted.[1]

■ Defendants fail to perceive a fundamental distinction between *Davis* and this case: the difference between the claims stated in the complaint. Davis claimed defamation; Collier claims false arrest, false imprisonment, and malicious prosecution. It is the teaching of *Davis* that a charge of defamation alone does not state a claim under the civil rights act. *Davis* did *not* hold that injuries to business and reputation are not compensable under the civil rights act. Justice Rehnquist carefully noted, in *Davis*, that when state action violative of the plaintiff's civil rights is of a "defamatory character," the resulting social stigma is "an important factor in evaluating the extent of harm worked by that act." 424 U.S. at 709, 96 S.Ct. at 1164.

■ To state a claim under section 1983 for tortious action by state officials, the plaintiff must allege an act by the state that significantly altered his status under state law. The plaintiff must show that "a right or status previously recognized by state law was distinctly altered or extinguished," and it is that "alteration of legal status which, combined with the injury resulting from the defamation," justifies relief.[2]

In *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), the state deprived the plaintiff of the right to purchase or obtain liquor, substantially al-

---

1. Order denying Defendants' Motion for Summary Judgment and Motion to Strike (July 29, 1974).

2. The relief requested by Davis was procedural, while the relief requested by Collier is mone-

tary. However, the determination of whether a claim is stated by this complaint against individual state officers does not turn on the nature of the relief requested.

tering his status under state law. Constantineau was therefore entitled to the procedural protections of the due process clause in dealing with the defamatory character of the state's act.

In this case, the defendants are alleged to have fundamentally altered Collier's status under state law by depriving him of his freedom. Arrest, imprisonment and prosecution are all substantial alterations of legal status under state law. These actions provide a basis for valid claims under the civil rights act. The alleged injury to business and reputation, and the humiliation, embarrassment, ridicule, and abuse flowing from these acts, are compensable under the civil rights act if they are proved.

The defendants' motion for partial summary judgment and the related motion *in limine* are denied.

So ordered.